IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

| | |
|---|---|
| Courtroom Deputy: Deborah Hansen | Date: February 25, 2016 |
| Court Reporter: Gwen Daniel | Probation: Tina Parde |
| | Time: one hour and 40 minutes |

_____

Criminal Action No. 13-cr-00295-WJM          *Counsel:*

UNITED STATES OF AMERICA,          Jeremy Sibert

    Plaintiff,

v.

5.   KENNETH BARNES,          Brian Leedy

    Defendant.

_____

## COURTROOM MINUTES
_____

HEARING - SENTENCING

10:38 a.m.     Court in Session

Appearances

Defendant is present and on bond.

Oath administered to defendant.

**ORDERED: The oral motion for an additional one-level reduction in the offense level for acceptance of responsibility is GRANTED.**

(At the Change of Plea Hearing on August 26, 2015 the Court granted the Government's oral motion to dismiss the original Indictment, the First and Second Superseding Indictments, and Counts 2 thru 9 of the Third Superseding Indictment.)

1

Sentencing Statement by Mr. Leedy

Sentencing Statement by Mr. Sibert

**ORDERED:   Defendant Barnes' Motion for a Statutory Sentence [690] is GRANTED IN PART.**

Defendant's Allocution

> Defendant plead guilty to Count One of the Third Superseding Indictment on August 26, 2015.

**ORDERED:   Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Kenneth Barnes, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months.**

**ORDERED:   Defendant shall pay a Fine of $1000.00 into the Crime Victims Fund. Interest on the Fine amount is waived.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to his security designation located within the District of Colorado.**

**ORDERED:   Upon release from imprisonment defendant is placed on supervised release for a term of two years.**

**Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.**

**While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.**

**The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance. The defendant shall submit to one drug test within 15 days of release on supervised release and**

    **two periodic tests thereafter.**

    **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**ORDERED:** **Special Conditions of Supervised Release:**

  **1.** **The defendant shall submit his person, property, house, residence, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to search may be grounds for revocation of Supervised Release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

    **The probation officer's request that the search condition apply to the defendant's computers or other electronic communications or data storage devices or media is DENIED.**

  **2.** **The defendant shall not work or engage in any activities involving the use, production or distribution of synthetic cannabinoids.**

  **3.** **The defendant shall participate in medical testing as directed by the probation officer.**

**ORDERED:** **The defendant shall pay a Special Assessment of $100, which shall be due and payable immediately.**

    **The Special Assessment and Fine obligations are due immediately. Any unpaid Fine balance upon release from incarceration shall be paid in monthly installment payments during the term of Supervised Release of not less than 10% of the defendant's gross household monthly income.**

    **To the extent the Fine has not been paid upon release, within 15 days of release from custody, the defendant shall meet with the probation officer to develop a plan for the payment of the unpaid portion of his financial obligations under the Court's Judgment. This Plan will be based upon the defendant's income and expenses. The Plan will be**

                **forwarded to the Court for review and approval.**

**ORDERED:**   **The Special Assessment fee of $100.00 is imposed, due and payable immediately.**

                **The defendant shall pay the Fine and Special Assessment in accordance with the Schedule of Payments Sheet as set forth in the Court's Judgment.**

                **Pursuant to Rule 32.3 of the Federal Rules of Criminal Procedure and the defendant's admission to the forfeiture allegation in the Third Superseding Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.**

Discussion

       The Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community.

       **It is, therefore, ORDERED that Defendant Kenneth Barnes, surrender at the institution designated by the Bureau of Prisons no later than 60 days after the designation is made by the Bureau of Prisons.**

       **In the interim the defendant's bond is continued and all conditions set forth in the Magistrate Judge's Order Setting Conditions of Release shall continue to apply.**

12:18 p.m.    Court in Recess
                  Hearing concluded